**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**EUGENIO VALENTIN,**

               **Plaintiff,**

**-vs-**                                        **Case No. 6:05-cv-1056-Orl-28GJK**

**SANFORD-ORLANDO KENNEL CLUB,
INC., COLLINS & COLLINS, JACK
COLLINS,**

               **Defendants.**

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR AWARD OF ATTORNEY'S FEES AND MEMORANDUM OF LAW IN SUPPORT THEREOF (Doc. No. 67)** |
| **FILED:** | **May 15, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

**I.    BACKGROUND**

      On July 18, 2005, Eugenio Valentin (the "Plaintiff") filed a complaint pursuant to 29 U.S.C. Section 201, *et. seq*., the Fair Labor Standards Act (the "Act") and Chapter 448.08, Florida

Statutes, against Sanford-Orlando Kennel Club, Inc., Collins & Collins, and Jack Collins (collectively, the "Defendants") seeking unpaid overtime compensation and unpaid wages. Doc. No. 1. On September 29, 2005, the parties filed a Joint Report Regarding Settlement stating that no settlement had been reached. Doc. No. 20. On November 8, 2006, the parties attended a mediation conference, but no settlement was reached. Doc. No. 45.

On July 3, 2007, the Plaintiff filed an Unopposed Motion for Stay of Proceedings which was granted by the Court on July 6, 2007, pending the outcome of *Perez v. Sanford-Orlando Kennel Club, Inc.*, Case No. 6:05-cv-269-JA-UAM, in the Court of Appeals for the Eleventh Circuit. Doc. Nos. 46, 47. On March 6, 2008, the Court lifted the stay in the case (Doc. No. 53), and on April 10, 2008, Plaintiff filed a Motion for Entry of Judgment in Accordance with Defendants' Offer of Judgment and Plaintiff's Acceptance of Offer of Judgment (the "Motion for Entry of Judgment"). Doc. No. 58.[1] On April 24, 2008, the Court entered an order directing the Plaintiff to file a report indicating whether his claims under the Act were compromised by the acceptance of the Offer of Judgment (the "Offer"). Doc. No. 59. On that same day, Plaintiff filed a report with the Court stating that the Offer represented full payment of Plaintiff's overtime claims under the Act. Doc. No. 60.[2] On May 7, 2008, the Court entered an order granting the Motion for Entry of Judgment and directed the clerk to enter judgment in favor of Plaintiff in the amount of $7,267.50. Doc. No. 61.

---

[1] In the Motion for Entry of Judgment, Plaintiff states that on April 2, 2008, the Defendants served an Offer of Judgment (Doc. No. 58-2) which was accepted by the Plaintiff on April 10, 2008 (Doc. No. 58-3).

[2] Under the Offer, Plaintiff would receive unpaid overtime compensation in the amount of $3,633.75 and liquidated damages in the amount of $3,633.75 for a total of $7,267.50. Doc. No. 60.

On May 9, 2008, Plaintiff filed a Proposed Bill of Costs (Doc. No. 64) totaling $848.50, and on May 12, 2008, a Bill of Costs totaling the same was taxed against the Defendants. Doc. No. 66. On May 15, 2008, Plaintiff filed an Amended Motion for Award of Attorney's Fees and Memorandum of Law in Support Thereof (the "Motion"). Doc. No. 67. On May 21, 2008, the Defendants filed a Response in Opposition to Plaintiff's Amended Motion for Award of Attorney's Fees and Cross-Motion to Strike and Incorporated Memorandum of Law in Support Thereof (the "Cross-Motion to Strike"). Doc. No. 70. On September 15, 2008, the undersigned entered an order denying the Cross-Motion to Strike. Doc. No. 74.[3] On July 3, 2008, Judgment was entered in favor of Plaintiff and against the Defendants. Doc. No. 73. The Motion is presently before the undersigned for a report and recommendation.

## II. LAW AND APPLICATION

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) ("Section 216(b) of the Act makes fee awards mandatory for prevailing plaintiffs."). In support of the Motion, Plaintiff's counsel filed an affidavit attesting that the total fees equal $9,170.00. Doc. No. 67-2 at ¶ 10. Specifically, Plaintiff's counsel of record, K.E. Pantas, Esq. states in the affidavit that he worked 26.0 hours at a rate of $300.00 per hour; Mary E. Lytle, Esq. worked 1.7

---

[3] The Cross-Motion to Strike did not contain a substantive response to the Motion, but argued that it should be stricken as untimely and for failure to comply with Local Rule 3.01(g). Doc. No. 70. No additional substantive

hours at a rate of $250.00 per hour; Laura A. Weis, Esq. worked 4.6 hours at a rate of $150.00 per hour; Jon D. Rankin worked 2.0 hours of paralegal time at a rate of $105.00 per hour; and Bertha Alvarez worked .5 hours of paralegal time at a rate of $95.00 per hour. Doc. No. 67-2. Thus, Plaintiff seeks a total award of $9,170.00. Doc. No. 67-2. Plaintiff's counsel attached billing records (Doc. No. 67-3) to the affidavit.

### 1. **Reasonable Hourly Rate**

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434. In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in**

---

response to the Motion has been filed by Defendants since the undersigned entered the order denying the Cross-Motion to Strike.

> **similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F. 2d at 1299 (emphasis added). The following factors are relevant in the calculation of the lodestar: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases. *Norman*, 836 F.2d at 1299 (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Court may also use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)**;** *Norman*, 836 F.2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F.Supp.2d 1328, 1331 (M.D. Fla. 2002).

K.E. Pantas seeks a rate of $300.00 per hour for his services. Doc. Nos. 67, 67-2. In the affidavit, Mr. Pantas states the following regarding his years of practice and employment law experience:

> I have been a continuous member of the Florida bar since 1993. I have practiced extensively in the area of employment law since 2000 and have over eleven years of litigation experience. I am also admitted to the Pennsylvania Bar (inactive member since 1994) and the Illinois Bar (2002) and [the] United States Court of Appeals for the Eleventh Circuit.

Doc. No. 67-2 at ¶ 4.  Regarding his hourly rate, Mr. Pantas states that he has previously been awarded $300.00 per hour in other Fair Labor Standards cases by the United States District Court for the Middle District of Florida.  *Id*. at ¶ 5 (*citing Ochoa v. Alie Bros., Inc.*, Case No. 6:06-cv-609-Orl-DAB, 2007 WL 3334332 (M.D. Fla. Nov. 8, 2007); *Mavis Coes v. World Wide Revival, Inc., et. al.*, Case No. 6:05-cv-563-Orl-DAB, 2007 WL 3334330 (M.D. Fla. Nov. 7, 2007)).  Mr. Pantas also states that he normally bills his paying clients at a rate of $300.00 per hour.  *Id*.

Plaintiff seeks an hourly rate of $250.00 per hour for the services of Ms. Lytle.  Doc. No. 67.  In the affidavit, Mr. Pantas states the following regarding Ms. Lytle:

> Mary E. Lytle, Esq., was a member of the Guam Bar Association from 1993, through 1994, and has been a continuous member of the Florida Bar since 1994.  She has practiced exclusively in the area of employment law for 11 years and has over 13 years of litigation experience.  I am familiar with the rates charged by attorneys with similar experience in Central Florida.  A reasonable hourly fee for a lawyer with similar experience and expertise is $250.00 per hour.

Doc. No. 67-2 at ¶ 6.  The affidavit does not list any previous cases where Ms. Lytle has been awarded a rate of $250.00 per hour.  However, the undersigned notes that in *Coes*, 2007 WL 334330 *2 (M.D. Fla. Nov. 8, 2007), Ms. Lytle was awarded an hourly rate of $280.00 per hour.

Plaintiff seeks an hourly rate of $150.00 per hour for the services of Ms. Weis.  Doc. No. 67.  In the affidavit, Mr. Pantas states the following regarding Ms. Weis:

> Laura A. Weis, Esq., has been a continuous member of the Florida Bar since 2003.  She has practiced exclusively in the area of employment law for three years and has 5 years of litigation experience.  I am familiar with the rates charged by attorneys with similar experience in Central Florida.  A reasonable hourly fee a lawyer with similar experience and expertise is $150.00 per hour.

Doc. No. 67-2. The affidavit does not list any previous case where Ms. Weis has been awarded a rate of $150.00. However, the undersigned notes that in a similar case, *Kachenmeister v. Brevard Security Specialists, Inc., et. al.*, Case No. 6:05-cv-993-Orl-31DAB, Doc. Nos. 18-19 (M.D. Fla. Jan. 3, 2006), Ms. Weis was awarded an hourly rate of $200.00 per hour.

Plaintiff seeks an hourly rate of $105.00 for the paralegal services of Mr. Rankin. Doc. No. 67. In the affidavit, Mr. Pantas states that Mr. Rankin has worked as a paralegal since 2000 in both state and federal court matters. Doc. No. 67-2 at ¶ 8. Mr. Pantas states that Mr. Rankin has recently been awarded an hourly rate of $105.00 in the Middle District of Florida. *Id.* (*citing Perez v. Sanford-Orlando Kennel Club, Inc.*, Case No. 6:05-cv-269-Orl-28JGG, 2007 WL 842771 (M.D. Fla. Mar. 20, 2007); *Cusumano v. Maquipan International, Inc.*, Case No. 6:04-cv-787-Orl-31KRS, Doc. No. 106 (M.D. Fla. Jan. 13, 2006). Mr. Pantas states that his firm regularly bills its paying clients at the same rate for Mr. Rankin's services. *Id.*

Plaintiff seeks an hourly rate of $95.00 for the services of paralegal Bertha Alvarez who has worked as a paralegal since 2004. Doc. No. 67. In the affidavit, Mr. Pantas states that "[c]ourts in Florida have previously determined a reasonable hourly rate for her services are [sic] $95.00 per hour." Doc. No. 67-2 at ¶ 9. However, the affidavit fails to cite to any cases where Ms. Alvarez has been awarded such a rate.[4]

Despite the failure of the Defendants to substantively oppose the Motion, the undersigned has carefully considered Plaintiff's request for fees in light of the factors listed above. The Court

---

[4] The undersigned notes that in *Cusumano*, Case No. 6:04-cv-787-Orl-31KRS, Doc. No. 106 (M.D. Fla. Jan. 13, 2006), Ms. Alvarez was awarded a reasonable hourly rate of $65.00 per hour. The affidavit also fails to state what rate Mr. Pantas regularly charges his paying clients for Ms. Alvarez's services.

7

is "itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303. Based upon these considerations, the undersigned recommends that the hourly rates requested be approved as reasonable.

    2.    **Reasonable Number of Hours**

Counsel submitted a detailed time sheet showing the work performed by Mr. Pantas, Ms. Lytle, Ms. Weis, Mr. Rankin, and Ms. Alvarez in this case. Doc. No. 67-3. In *Hensley*, 461 U.S. at 434, the Supreme Court stated that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. In *Ochoa*, 2007 WL 3334332 (M.D. Fla. Nov. 8, 2007) another court of this District stated the following regarding a prevailing party's assertion of reasonable hours worked:

> The Court, likewise, must impose a "billing judgment" limit on the amount of time reasonably compensable in a particular case. Accordingly, a fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal. *See Gray v. Lockheed Aeronautical Systems Co.*, 125 F.3d 1387 (11th Cir. 1997). Objections to time records must be specific and accompanied by an explanation supporting the challenge and, unless clearly non-compensable, all hours should be accepted. When a defendant has not disputed the plaintiff's computation of amounts in the time records, the adjusted totals will be calculated simply by subtracting from the plaintiff's total the amounts that are determined to be excludable.

*Id*. In the present case, the Defendants failed to raise any objections to the rates charged or the time spent by counsel for Plaintiff. Nonetheless, the undersigned does find one time entry excessive. In the time entries, Mr. Pantas's records show that he spent .10 hours receiving and reviewing Defendant's Notice of Change of Address (Doc. No. 26). Doc. No. 67-3. The Notice

of Change of Address is a simple form that would only require clerical review. Therefore, the undersigned recommends reducing Mr. Pantas's time by .10 hours. Additionally, Ms. Weis's time sheet shows that she spent a total of 4.6 hours on the case. However, the sum total of all her time entries is only 4.5 hours. Her total time should be reduced accordingly. Otherwise, the undersigned recommends that the time spent by counsel for Plaintiff is reasonable.

## III.   CONCLUSION

The undersigned finds that a reasonable attorney's fee should be $9,127.50 based on the following calculations:

| Attorney/Paralegal | Time Spent | Reasonable Rate | Total |
|---|---|---|---|
| Pantas | 25.9 | $300.00 | $7,770.00 |
| Lytle | 1.7 | $250.00 | $425.00 |
| Weis | 4.5 | $150.00 | $675.00 |
| Rankin | 2.00 | $105.00 | $210.00 |
| Alvarez | 0.5 | $95.00 | $47.50 |
| **Total** | | | **$9,127.50** |

Therefore, it is recommended that the Motion be Granted in part and Denied in part.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on October 8, 2008.

  _____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record

Unrepresented Parties